UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES NERO,<br><br>　　　　　　Plaintiff,<br><br>　　　　v.<br><br>SHERIFF LEE BACA, et al.,<br><br>　　　　　　Defendants. | CV 08-4773-SVW (PJW)<br><br>ORDER ADOPTING FINDINGS,<br>CONCLUSIONS AND<br>RECOMMENDATIONS OF UNITED<br>STATES MAGISTRATE JUDGE |

　　　Pursuant to 28 U.S.C. § 636, the Court has reviewed the First Amended Complaint, the records on file, and the Final Report and Recommendation of the United States Magistrate Judge and has considered *de novo* the portions of the Report as to which objections have been filed.  The Court adopts the Magistrate Judge's report, but writes separately to further address Plaintiff's claims against Sheriff Baca.

　　　The case law is clear that "[t]here is no respondeat superior liability under § 1983."  Mortimer v. Baca, 594 F.3d 714, 721 (9th Cir. 2010).  Supervisors may be held liable in their individual capacities, however, for (1) their own culpable action or inaction in the training, supervision, or control of subordinates, (2) their acquiescence in the constitutional deprivation of which a complaint is made, or (3) for

conduct that showed a reckless or callous indifference to the rights of others. Cunningham v. Gates, 229 F.3d 1271, 1292 (9th Cir. 2000). Where, as here, a plaintiff sues a government officer in his official capacity, the suit is equivalent to one brought against the government entity. Ctr. for Bio-Ethical Reform, Inc. v. Los Angeles County Sheriff Dept., 533 F.3d 780, 799 (9th Cir. 2008). In order for a government entity to be liable for failure to train its employees, the plaintiff must show that the failure to train was the entity's official policy and amounted to "deliberate indifference" to a constitutional right. Clouthier v. County of Contra Costa, 591 F.3d 1232, 1249 (9th Cir. 2010).

    Plaintiff alleges in his First Amended Complaint that Baca failed "to properly train these officers and supervise them." (FAC at 3.) Furthermore, in response to a request for admission, Plaintiff contends that Baca "trains his sheriff deputies to kill innocent people to also violate all federal constitutional rights. This is what he trains his deputies to do . . . ." (Rathbun Decl. Ex. B at 2.) To the extent Plaintiff alleges a claim against Sheriff Baca for failure to properly train, either in Baca's individual or official capacity, Plaintiff's claim does not survive summary judgment. Plaintiff has introduced no admissible evidence to demonstrate that Baca failed to train officers generally or more specifically regarding the allegations in the Complaint. Therefore, Plaintiff has not met his burden under Rule 56, and summary judgment in favor of Defendant Baca is appropriate. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). Plaintiff "may not, in defending against a motion for summary judgment, rest on mere

allegations or denials of his pleadings." Anderson v. Liberty Lobby, 477 U.S. 242, 259 (1986); Fed. R. Civ. P. 56(e)(2).

The Magistrate Judge's reasoning with respect to Defendant D.O is sound.

Accordingly, IT IS ORDERED that Judgment be entered (1) approving and adopting the Final Report and Recommendation (2) directing that Defendant Baca's motion for summary judgment be granted and Plaintiff's suit against him be dismissed with prejudice, and (3) directing that the action against Defendant D.O. be dismissed without prejudice.

IT IS SO ORDERED.

DATED: 4/07/10

STEPHEN V. WILSON
UNITED STATES DISTRICT JUDGE